THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERNATIONAL NEWS, INC., | CASE NO. C18-0302-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| 10 DEEP CLOTHING INC., | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's motion for partial summary judgment (Dkt. No. 30) and Defendant's motion for an extension of time pursuant to Federal Rule of Civil Procedure 56(d) (Dkt. No. 37). Plaintiff and Defendant are apparel companies that began discussing a potential business relationship in or around 2006. (Dkt. Nos. 1 at 1, 32 at 1–2.) From 2007 to 2017, the parties operated under a series of agreements which purported to guarantee certain payments to Plaintiff. (*See* Dkt. Nos. 32 at 2–5, 32-1 at 5–22.) Over the course of the relationship, Plaintiff's controller worked with Defendant's accountants and sent Defendant monthly reports on Defendant's outstanding debt to Plaintiff. (*See* Dkt. Nos. 31 at 1–2, 32 at 4–5.) The parties' relationship ended in 2017 and Plaintiff filed the instant lawsuit in February 2018, alleging claims for breach of contract, unjust enrichment, and promissory estoppel and

seeking $3,642,545.75 in damages. (Dkt. Nos. 32 at 5; *see generally* Dkt. No. 1.)

In April 2019, Defendant produced approximately 19,000 pages of electronically stored information ("ESI") documents to Plaintiff, and in May 2019, Plaintiff produced 205,314 pages of ESI documents to Defendant. (Dkt. No. 38 at 6.) Defendant has noticed the depositions of Plaintiff's president, Plaintiff's controller, and Plaintiff, to be taken between July 30, 2019 to August 1, 2019. (*Id.*; Dkt. No. 38-1 at 2–15.) Plaintiff has noticed the depositions of Defendant's CEO, Defendant's director of production, and Defendant, to be taken between July 25, 2019 and July 29, 2019. (Dkt. Nos. 38 at 7, 38-1 at 17–27.) Plaintiff has issued subpoenas to Defendant's outside accountant and an employee of the accountant. (Dkt. Nos. 38 at 7, 38-1 at 30–36.)

Plaintiff moves for partial summary judgment on its claim for breach of contract and on Defendant's counterclaims. (Dkt. No. 30.) Defendant has not substantively responded to Plaintiff's motion, and instead moves for a continuance of the motion pursuant to Federal Rule of Civil Procedure 56(d). (Dkt. No. 37.)

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). If the movant fails to satisfy these elements, the motion may be denied and summary judgment may be granted. *Id*. The court may also deny a Rule 56(d) motion if the movant has failed to diligently pursue discovery. *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990).

Having reviewed Plaintiff's motion for partial summary judgment and Defendant's declaration in support of its motion for a continuance pursuant to Rule 56(d), the Court

concludes that it is appropriate to defer consideration of Plaintiff's motion to allow time for Defendant to review the ESI produced by Plaintiff and take the depositions of Plaintiff's president, Plaintiff's controller, and Plaintiff itself. (*See* Dkt. Nos. 37, 38.)[1] For example, Defendant has identified facts concerning the scope and terms of the parties' ongoing agreements that would be essential to Defendant's opposition to Plaintiff's pending motion, has established that such facts exist, and has demonstrated that the facts may be obtained in the noticed depositions. (*See id.*); *see also Family Home & Fin. Ctr., Inc.*, 525 F.3d at 827. Further, the Court finds that Defendant has not failed to diligently pursue discovery. Although Plaintiff asserts that Defendant has unnecessarily slowed the parties' production of ESI and delayed its noticing of depositions, (*see* Dkt. No. 41 at 8), Defendant has acted within the scheduling order originally set forth by the Court. (*See* Dkt. No. 23.)[2] Thus, Defendant's approach to discovery thus far does not warrant denial of its motion for a Rule 56(d) continuance. *See Cal. Union Ins. Co.*, 914 F.2d at 1278.

For the foregoing reasons, Defendant's motion for an extension of time pursuant to Rule 56(d) (Dkt. No. 37) is GRANTED. The Clerk is DIRECTED to re-note Plaintiff's pending motion for partial summary judgment (Dkt. No. 30) to Friday, September 6, 2019. Defendant's response to Plaintiff's motion for partial summary judgment shall be filed no later than Monday, September 2, 2019 and shall not exceed 24 pages. Plaintiff may file a reply to Defendant's response no later than September 6, 2019, which shall not exceed 12 pages.

//

//

---

[1] In its reply in support of its motion for partial summary judgment, Plaintiff moves to strike certain portions of Defendant's declaration in support of its motion for a continuance pursuant to Rule 56(d). (Dkt. No. 40 at 2–3, 7; *see* Dkt. No. 41 at 10) (citing W.D. Wash. Local Civ. R. 7(g)). The Court declines to strike the challenged material.

[2] On July 19, 2019, the Court granted the parties' stipulated motion for an extension of certain case deadlines and extended the discovery deadline to December 9, 2019. (*See* Dkt. No. 44.)

DATED this 24th day of July 2019.

<u>William M. McCool</u><br>
Clerk of Court<br><br>
<u>s/Tomas Hernandez</u><br>
Deputy Clerk

MINUTE ORDER
C18-0302-JCC
PAGE - 4