THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERNATIONAL NEWS INC., | CASE NO. C18-0302-JCC |
| Plaintiff, | MINUME ORDER |
| v. | |
| 10 DEEP CLOTHING INC., | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendant's motion to extend certain deadlines (Dkt. No. 56). The Court set forth the facts underlying the present motion in a previous order and will not recite them here. (*See* Dkt. Nos. 46.) The Court previously granted the parties' stipulated motion to extend certain case schedule deadlines. (*See* Dkt. No. 44.) And the Court granted Defendant's motions for extensions of time to respond to Plaintiff's motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(d), finding that Defendant required additional time to review the discovery produced by Plaintiff and to take depositions. (*See* Dkt. Nos. 46, 52.)

Defendant seeks a further 30-day extension of its deadline to respond to Plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d), and a

MINUTE ORDER
C18-0302-JCC
PAGE - 1

corresponding extension of various case schedule deadlines. (Dkt. No. 56 at 1–2.) Defendant asserts that its requested extensions are necessary to allow it sufficient time to review discovery recently produced by Plaintiff regarding third party Shah Safari's role in the business relationship between Plaintiff and Defendant. (*Id*. at 2, 5–6, 8.)[1] Defendant also cites the unavailability of its CEO, a "key fact witness" and Defendant's Rule 30(b)(6) designee, following the birth of his first child. (*Id*. at 2, 6–8.) In addition, it appears that the depositions the Court originally found were necessary for Defendant to adequately oppose Plaintiff's motion for partial summary judgment have yet to occur. (*See* Dkt. Nos. 46 at 2–3, 56 at 6–9, 58 at 6–7.)

If a party opposing a motion for summary judgment demonstrates "that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). The court may deny a Rule 56(d) motion if the movant has failed to diligently pursue discovery. *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990).

Modification of the case schedule requires good cause and the judge's consent. Fed. R. Civ. P. 16(b)(4); W.D. Wash. Local Civ. R. 16(b)(5). Good cause is determined at the court's discretion. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The court looks to the diligence of the party seeking amendment as well as the prejudice the opposing party may suffer. *Id*. at 609. If a deadline "cannot reasonably be met despite the diligence of the party

---

[1] Plaintiff briefly argues that Defendant did not timely issue the subpoena which led to Plaintiff's production of the documents at issue. (*See* Dkt. No. 58 at 4.) But Defendant issued the subpoena on August 2019, well before the current discovery cutoff date of December 9, 2019. (*See* Dkt. No. 44.)

MINUTE ORDER
C18-0302-JCC
PAGE - 2

seeking the extension," there is good cause. *Id.*; *see Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007).

As previously discussed by the Court, it is appropriate to defer consideration of Plaintiff's motion for summary judgment until Defendant has had adequate time to review the discovery disclosed in this matter and to take necessary depositions. (*See* Dkt. No. 46 at 2–3.) As discussed above, it appears that those depositions have still not been taken. (*See* Dkt. Nos. 46 at 2–3, 56 at 6–9, 58 at 6–7.) Further, Defendant's declaration in support of the instant motion establishes that additional time is required to review the recently-provided discovery regarding Shah Safari and details the parties' efforts to schedule depositions. (*See* Dkt. No. 57 at 5–8.) And the record does not establish that Defendant has failed to diligently pursue discovery, as Defendant has acted within the deadlines set by the Court's most recent scheduling order. (*See* Dkt. No. 44.) In addition, for the reasons set forth above and to ensure the parties have adequate time to complete discovery, the Court finds good cause to modify the case schedule. However, the Court notes the significant number of continuances already granted in this case. The parties should not expect future requests for continuances to be granted.

Therefore, Defendant's motion to extend certain deadlines (Dkt. No. 56) is GRANTED. Pursuant to Federal Rule of Civil Procedure 56(d), the deadline for Defendant to file a response brief to Plaintiff's motion for partial summary judgment is extended to January 20, 2020. Plaintiff's reply brief shall be filed no later than January 24, 2020. The Clerk is DIRECTED to re-note Plaintiff's pending motion for partial summary judgment (Dkt. No. 30) to Friday, January 24, 2020.

Further, the Court hereby ORDERS that:

1. Discovery shall be completed by February 17, 2020;
2. Dispositive motions shall be filed no later than March 13, 2020;
3. Mediation shall be held no later than March 20, 2020;
4. Trial briefs and proposed *voir dire* and jury instructions shall be filed no later than June

1   12, 2020; and

2   5. The trial date is CONTINUED from April 6, 2020, to June 15, 2020, at 9:30 a.m.

3   DATED this 10th day of December 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk

MINUTE ORDER
C18-0302-JCC
PAGE - 4