THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9 | INTERNATIONAL NEWS, INC., | CASE NO. C18-0302-JCC

10 | Plaintiff, | ORDER

11 | v.

12 | 10 DEEP CLOTHING, INC.,

13 | Defendant.

14

15      This matter comes before the Court on Plaintiff International News Inc.'s motion to

16 compel Defendant 10 Deep Clothing Inc. to disclose documents relating to Defendant's tax

17 returns, financial documents, and profits and costs relating to web sales (Dkt. No. 70). Having

18 thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument

19 unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons

20 explained herein.

21 **I.      BACKGROUND**

22      The Court set forth the underlying facts of this case in a previous order and will not

23 repeat them here. (*See* Dkt. No. 46.) Plaintiff moves for an order compelling Defendant to

24 disclose its financial documents, documents associated with its web sales, and tax returns from

25 2007 to 2017 in response to Plaintiff's discovery requests. (*See generally* Dkt. No. 70.) Plaintiff

26 asserts that the documents it seeks are relevant to its claims for unjust enrichment and

ORDER
C18-0302-JCC
PAGE - 1

1  promissory estoppel claims. (Dkt. No. 83 at 3–4.) Relying on the testimony of Defendant's

2  accountant, Cory Vernoia, Plaintiff states that these documents will definitively show the total

3  amount owed to Plaintiff and at issue in this litigation. (Dkt. No. 70 at 2.) On January 30, 2020,

4  the parties met via telephonic conferences and were unable to resolve their dispute. (*Id.* at 5.)

5  Plaintiff subsequently filed the instant motion. (*Id.* at 1.)

6  **II.    DISCUSSION**

7      In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is

8  relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ.

9  P. 26(b)(1). In addressing the proportionality of discovery, the court considers "the importance of

10  the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

11  information, the parties' resources, the importance of the discovery in resolving the issues, and

12  whether the burden or expense of the proposed discovery outweighs its likely benefit." *Surfvivor*

13  *Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). If requested discovery is not

14  answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ.

15  P. 37(a)(1). The court has broad discretion to decide whether to compel disclosure of discovery.

16  *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

17  The Ninth Circuit has held that there are "liberal discovery principles" under the Federal Rules

18  and that defendants thus carry a "heavy burden of showing" why a request for discovery should

19  be denied. *Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429 (9th Cir. 1975).

20      Relevant information for purposes of discovery is information "reasonably calculated to

21  lead to the discovery of admissible evidence." *Surfvivor Media, Inc.*, 406 F.3d at 635 (quoting

22  *Brown Bag Software v. Symantac Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). This is "an

23  intentionally broad mandate." *Brown Bag Software*, 960 F.2d at 1470. Accordingly, district

24  courts possess broad discretion "in determining relevancy for discovery purposes." *Surfvivor*

25  *Media, Inc.*, 406 F.3d at 635.

26      //

ORDER
C18-0302-JCC
PAGE - 2

1

### A.    Financial Documents

2      Plaintiff moves to compel disclosure of Defendant's financial documents from 2007 to

3   2017. The relevance of Defendant's financial documents to Plaintiff's claims is clear. Plaintiff's

4   claims for unjust enrichment and promissory estoppel are based on Defendant's alleged violation

5   of its financial obligations under various agreements and the parties' relationship spanning from

6   2007 to 2017. As such, financial documents allegedly illustrating this relationship are central to

7   this case and thus meet the low threshold of relevance.

8      Plaintiff acknowledges that Defendant has provided financial statements from 2011 to

9   2013 but argues that Defendant has failed to produce the corresponding documents from 2007 to

10  2010 and from 2014 to 2017. (Dkt. No. 70 at 3–4.) In response, Defendant asserts that it no

11  longer possesses financial documents for 2007 to 2010 but states that it will send Plaintiff the

12  requested financial documents for 2014 to 2017. (*See* Dkt. Nos. 78 at 9, 80 at 2.) The Court finds

13  the Defendant has adequately disclosed its financial documents for the years 2011 to 2013 and

14  that the Defendant cannot disclose the documents from 2007 to 2010.[1] Thus, Plaintiff's motion

15  to compel is GRANTED as to Defendant's financial documents for the years 2014 to 2017 and

16  DENIED as to Defendant's financial documents for the years 2007 to 2013.

17

### B.    Web Sale Documents

18     Defendants asserts that documents relating to the "costs, payments and profits associated

19  with its web sales" are "wholly irrelevant to the present dispute." (Dkt. No. 78 at 9.) But

20  Defendant's records pertaining to its web sales are relevant to Plaintiff's claims and therefore the

21  documents must be disclosed in response to Plaintiff's discovery requests.

22     Plaintiff states that it seeks all documents relating to Defendant's web sales during the

23  parties' ten-year relationship. (Dkt. No. 83 at 7.) It is uncontested that Defendant "ran a web

24

25  _____

26  [1] Plaintiff briefly requests copies of Defendant's financial documents for 2011 to 2013 with
    Defendant's notes and comments on them, but Defendant has established that no such copies
    exist. (Dkt. No. 78 at 9.)

1  business, and that [Plaintiff] supplied the product which was sold." (Dkt. No. 70 at 4.) The costs

2  and profits associated with Defendant's business are relevant to Plaintiff's unjust enrichment

3  claim because they show how Defendant's funds are received and dispersed. Given that

4  discovery is intentionally a broad mandate for the purpose of uncovering sources of information

5  that can lead to admissible evidence, Plaintiff has met its burden of showing the relevance of the

6  sought documents and Defendant has not met its burden of showing that such information is not

7  relevant. Therefore, Plaintiff's motion to compel is GRANTED on this ground.

8        **C.      Tax Returns**

9        In general, "[t]ax returns do not enjoy an absolute privilege from discovery." *Premium*

10  *Service Corp. v. Sperry and Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). Specifically,

11  "tax returns held by the government are confidential under federal law, but copies retained by the

12  taxpayer are subject to discovery." *St. Regis Paper Co. v. U.S.*, 368 U.S. 208, 218–19 (1961).

13  However, the Ninth Circuit recognizes that unnecessary public disclosure of tax returns must be

14  limited to "encourage taxpayers to file complete and accurate returns." *Aliotti v. Vessel SENORA*,

15  217 F.R.D. 496, 497 (N.D. Cal. 2003) (quoting *Premium Service Corp.*, 511 F.2d at 229). In the

16  Western District of Washington, courts have applied a two-part test to determine if a party's tax

17  returns should be disclosed: "the Court may only order the production of [a party's] tax returns if

18  they are relevant and when there is a compelling need for them because the information sought is

19  not otherwise available." *Id.*; *see, e.g., Alaskan Anvil, LLC v. Majestik Fisheries*, Case No. C13-

20  5702 BJR, Dkt. No. 25 at 2 (W.D. Wash. 2014) (denying plaintiff's request for production of the

21  defendant's tax returns because the plaintiff's claims did not depend on information contained in

22  the tax returns and plaintiff did not demonstrate a "compelling need" for the information in the

23  returns).

24        Plaintiff seeks to compel Defendant to provide its tax returns for the years 2007 to 2017.

25  In response, Defendant states that its tax returns are not relevant to the current litigation, and that

26  Plaintiff can glean the information sought from the tax returns from other documents in the

1    record. (Dkt. No. 78 at 8).

2         In this case, Defendant's tax returns are relevant to Plaintiff's claims. Plaintiff seeks the

3    returns to support its claims of unjust enrichment and promissory estoppel, as well as its breach

4    of contract claim should it not succeed on its pending motion for partial summary judgment.

5    (Dkt. No. 83 at 3–4.) As many of the cases cited by Defendant reflect, taxes are an opportunity

6    for the taxpayer to honestly and truthfully reflect their financial situation. *See e.g.*, *Premium*

7    *Service Corp.*, 511 F.2d at 299. The tax returns can provide evidence as to whether Defendant

8    viewed the balance as a liability or negative asset or not, which bears directly on Plaintiff's

9    unjust enrichment claim. (*Id.* at 3.) Therefore, the tax returns are relevant. *See Premium Service*

10    *Corp.*, 511 F.2d at 299; *Alaskan Anvil, LLC*, Case No. C13-5702 BJR, Dkt. No. 25 at 2.

11         As the tax returns are relevant to Plaintiff's claims, the Court now examines whether

12    Plaintiff has established a compelling need for Defendant's tax returns. Defendant claims that its

13    other records showing its debt to Plaintiff carry "no substantive meaning." (Dkt. No. 83 at 4.)

14    But Defendant's accountant has testified that the Defendant's tax returns should definitively

15    show this debt as a negative asset. (*Id.* at 4–5.) Given Defendant's minimization of its own

16    records and the testimony of Defendant's accountant, Defendant's tax returns are the most viable

17    evidence that allow Plaintiff to support its claims. Thus, Plaintiff has clearly identified a

18    compelling need for the returns since the set of facts that Plaintiff hopes to prove from the

19    information contained therein cannot be derived from another source. *See Premium Service*

20    *Corp.*, 511 F.2d at 299; *Alaskan Anvil, LLC*, Case No. C13-5702 BJR, Dkt. No. 25 at 2.

21    Therefore, Plaintiff's motion to compel is GRANTED on this ground.

## III.    CONCLUSION

23         For the foregoing reasons, Plaintiff's motion to compel (Dkt. No. 70) is GRANTED in

24    part and DENIED in part as follows:

25      1. Plaintiff's motion to compel is GRANTED as to Defendant's tax returns for 2007 to

26         2017, documents pertaining to the profits and costs of Defendant's web sales for 2007 to

1    2017, and Defendant's other financial documents for 2014 to 2017.

2    2.  Plaintiff's motion to compel is DENIED as to Defendant's financial documents from

3        2007 to 2013.

4    3.  Plaintiff's request to redepose Defendant's CEO Scott Sasso (Dkt. No. 70 at 6) is

5        DENIED at this time.

6        DATED this 16th day of April.

7

8

9        _____

10       John C. Coughenour
         UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C18-0302-JCC
PAGE - 6