THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERNATIONAL NEWS INC., <br><br> Plaintiff, <br><br> v. <br><br> 10 DEEP CLOTHING INC., <br><br> Defendant. | CASE NO. C18-0302-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion for entry of a final judgment (Dkt. No. 121). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

The Court previously granted summary judgment to Plaintiff on dueling breach of contract claims. (*See* Dkt. No. 115 at 8–9.) Plaintiff now asks the Court to enter a $3,642,245.75 final judgment in its favor on this claim, plus attorney fees and prejudgment interest. (Dkt. No. 121 at 7–13.) Defendant opposes, arguing its unresolved counterclaims "overlap in multiple factual and legal ways" with the breach of contract claim, making entry of a final judgment inappropriate. (Dkt. No. 165 at 3–4.)

Rule 54(b) authorizes the Court to direct entry of a final judgment where fewer than all of the original claims are resolved. *See* Fed. R. Civ. P. 54(b). However, "'it is left to the sound judicial discretion of the district court to determine the 'appropriate time'" for directing such an

entry. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). And the Court finds that, in this instance, that time has not yet come.

To resolve Defendant's counterclaims,[1] the finder of fact would need to consider, amongst other things, the nature of the discussions between the parties throughout their course of dealing and the benefits conferred. (*See* Dkt. Nos. 24 at 15–20, 68-1 at 26–28, 68-1 at 2–14, 68-2 at 2–22.) While the Court indicated in its previous order that the evidence presented on these issues did not preclude summary judgment for Plaintiff on its breach of contract claim, the Court did not address how that evidence might impact Defendant's counterclaims.[2] (*See* Dkt. No. 115 at 5–8.) Therefore, irrespective of whether the Court's prior order represented a final judgment on Plaintiff's breach of contract claim, Defendant's counterclaims have not been adjudicated and delaying the entry of the judgment sought by Plaintiff is warranted. *See Curtiss–Wright Corp.*, 446 U.S. at 7 (district court need not grant Rule 54(b) motion if there is a "just reason for delay"). Were the Court to grant Plaintiff's motion, Defendant would undoubtedly appeal the judgment. (*See* Dkt. No. 165 at 4 (Defendant's assertion that it intends to do just that).) This would result in piecemeal litigation, and, perhaps, an overall delay in resolving this matter—an approach not favored by the Court. *See, e.g.*, *S.E.C. v. Zidar*, 2006 WL 1635982, slip op at 1 (W.D. Wash. 2006); *see also Curtiss–Wright Corp.* 446 U.S. at 8 (in considering a Rule 54(b) motion, the Court should consider the interests of "sound judicial administration").

For the foregoing reasons, Plaintiff's motion for entry of judgment (Dkt. No. 121) is DENIED. The parties are ORDERED to file a joint status no later than February 18, 2022, proposing three trial dates falling sometime this summer. Currently, the Court's calendar is relatively open for the month of August 2022. Therefore, at least one proposed date should fall

---

[1] Plaintiff proposes dismissing its remaining unjust enrichment and promissory estoppel claims upon the Court's entry of judgment on its breach of contract claim. (Dkt. No. 121 at 2 n.1.)

[2] This was largely because Plaintiff did not adequately speak to the issue in its briefing. (*See* Dkt. No. 115 at 9.)

ORDER
C18-0302-JCC
PAGE - 2

within August 2022.

DATED this 2nd day of February 2022.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE